**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Criminal Case No. 10-MJ-00154-DLW**
**Southern District of Florida Case No. 09-801117-CR**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. ROGER C. GAMBLIN,**
**2. PEGGY L. GAMBLIN,**

**Defendants.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS**
**FOR ORDER OF DETENTION**
_____

      **THIS MATTER** came before the Court for Detention Hearings on December 16, 2010, 2004. Present were the following: Dondi Osborne, Assistant United States Attorney, Michael Goldman and Rae Dreves, counsel for the Defendants, and the Defendants. Also present were Erika Coster and Greg Saiz, Probation/Pretrial Services Officers. The Defendants and their counsel executed written Waivers of the Identity and Detention Hearings.

      Rule 5(c)(2)(A) of the Federal Rules of Criminal Procedure provides that if a person is arrested in a district other than the district in which the alleged offense was committed, that person shall be taken without unnecessary delay before the nearest federal Magistrate Judge. If the Defendant elects to waive an immediate preliminary hearing, the judicial officer shall direct that the Defendant be held to answer in the district where the prosecution is pending. The Court notes that the Bail Reform Act of 1984 uniformly has been applied to commitment procedures under Rule 40, *see, e.g.*, *United States v. Montalvo-Murillo*, 876 F.2d 826 (10th Cir. 1989), *overruled on other grounds*, 110 S. Ct. 2072 (1990), which procedures were incorporated into Fed. R. Crim. P. 5 in 2002.

      In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the Defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the safety of any other person or the community. The former element

must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. §3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Government has moved for detention. In making my findings of fact, I have taken judicial notice of the Superceding Indictment out of the Southern District of Florida, the information set forth in the Pretrial Services Reports and the entire court file, and have considered the written waivers of the Identity and Detention Hearings by Defendants and their counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendants have been charged under Title 18 U.S.C. 1349 with Conspiracy to Commit Wire Fraud (Count 1) and under Title 18 U.S.C. 1343 with Wire Fraud (Counts 2 through 8).

Second, the grand jury has found and concluded that probable cause exists that the Defendants committed the charged offenses.

As a result, after considering all of these factors, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendants.

**IT IS HEREBY ORDERED** that the Defendants shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**IT IS FURTHER ORDERED** that the Defendants shall be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendants are confined shall deliver the Defendants to a United States Marshal for the purpose of transporting the Defendant back to the Southern District of Florida for further proceedings in that District.

The Defendants will be notified of their next Court appearance.

**DATED: December 16, 2010**

          **BY THE COURT:**

          **s/David L. West**
          **United States Magistrate Judge**